IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| LLOYD MURRAY | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:08cv156 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Lloyd Murray, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Murray challenges a 2006 conviction for robbery, for which he received a sentence of 30 years in prison. The Respondent was ordered to answer the petition and filed a motion to dismiss based on the expiration of the statute of limitations. On November 7, 2008, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and that the petition be dismissed with prejudice. The Magistrate Judge also recommended that Murray be denied a certificate of appealability *sua sponte*. Murray has filed objections to the Report of the Magistrate Judge.

The Magistrate Judge's Report observed that Murray was convicted on November 7, 2006, and so his time for filing a notice of appeal expired on December 7, 2006. He did not file such a notice, and so his conviction became final on December 7, 2006. While Murray filed an untimely notice of appeal on December 15, 2006, and a motion for extension of time in which to appeal on January 11, 2007, the Magistrate Judge concluded that neither of these untimely filings affected the running of the limitations period. Murray also filed a petition for discretionary review, which was

1

stricken by the Texas Court of Criminal Appeals for non-compliance with procedural rules; the Magistrate Judge stated that this also did not extend his time for appeal.

Murray also filed a state habeas corpus petition on November 5, 2007, which is 333 days after his conviction became final. The Magistrate Judge stated that this petition tolled the limitations period with 32 days remaining. This petition was denied on January 30, 2008, at which time the limitations period began to run again, expiring on Sunday, March 2, 2008. Murray therefore had until Monday, March 3, 2008, in which to seek federal habeas corpus relief, but did not sign his petition until March 20, 2008. The Magistrate Judge thus concluded that Murray's petition was barred by the statute of limitations.

In his objections, Murray says that he wrote to his attorney asking that a notice of appeal be filed, and that he also requested an appeal in open court on the day that he was convicted. He says that his "motion for rehearing" should have altered the date of commencement of the limitations period and that a "nunc pro tunc judgment" was entered by the trial court on March 5, 2007. Murray argues that this judgment is actually the "final judgment" in the case and that the limitations period should have commenced at that time. He also says, apparently in the alternative, that the trial judge did not sign the final judgment until November 16, 2008, and so the limitations period should have commenced at that time. Murray also argues that he is entitled to equitable tolling and to relief on the merits of his claims.

Nothing in the state court records supports Murray's claim that he requested his attorney to file a notice of appeal. Murray says that he requested an appeal in open court on the day that he was convicted, but the records show that he signed a waiver of his right to appeal. Furthermore, Murray says that he sent his attorney "certified letters" asking for an appeal, but the record does not contain any such documents; the letters attached by Murray to his habeas petition and to his objections were written prior to the date of sentencing and contain no mention of his wanting an appeal following the plea proceeding. In one letter, dated October 4, 2006, a month prior to the guilty plea proceeding, Murray asks that his attorney, Oscar Loyd, secure rulings from the Court on the pre-trial

motions which Murray had filed *pro se*; he says in this letter that "in the event that a trial does take place and I am wrongfully convicted, records will at least be established for appeal." However, the records contain no mention of Murray's requesting an appeal at any point after the guilty plea proceeding took place, until he filed an untimely *pro se* notice of appeal.

The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); *see* Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Murray's contention that he tried to file a timely notice of appeal, in the face of his own waiver of appeal, but was thwarted in doing so, is a bald assertion, unsupported and unsubstantiated by anything in the record, and thus lacking in evidentiary value. Murray's objection on this ground is without merit.

Second, Murray says that the trial court entered a *nunc pro tunc* judgment on March 5, 2007, and that the limitations period should have commenced at that time. Under Texas law, a *nunc pro tunc* judgment simply corrects the written record to show the true judgment of the court. Alvarez v. State, 605 S.W.2d 615, 617 (Tex.Crim.App. 1980). While a *nunc pro tunc* judgment may itself be appealed, the Court knows of no authority suggesting that a *nunc pro tunc* judgment allows the defendant to appeal matters relating to the underlying conviction or sentence, or that the judgment affects the finality of the original judgment. *See* Harrelson v. Swan, civil action no. 1:07cv742 (E.D.Tex., Sept. 9, 2008, appeal dismissed) (unpublished) (available on WESTLAW at 2008 WL 4247760); *accord*, McMannis v. Eberlin, civil action no. 5:07cv255 (N.D. Ohio, October 23, 2007) (unpublished) (available on WESTLAW at 2007 WL 3129957).[1]

---

[1] If the trial court does not enter a judgment at all, and later corrects this omission through a *nunc pro tunc* judgment, that judgment is appealable because it would be the only appealable final judgment in the case. Bennett v. State, 80 Tex.Crim. 652, 194 S.W. 148 (Tex.Crim.App. 1917). That is not the case here; the trial court in the present case entered a judgment and later corrected the number of days for which Murray would receive credit.

In this case, the *nunc pro tunc* judgment specifically sets out November 7, 2006, as the date that the sentence was to commence. The only change made in this judgment was that the number of days in confinement for which Murray received credit on his sentence increased from 166 to 531 days. He has offered no legal basis upon which to conclude that his time for taking a notice of appeal as to his underlying conviction should commence following entry of the *nunc pro tunc* judgment, rather than the original judgment. Murray's objection on this point is without merit.

Finally, Murray says that the judgment in his case was not signed until November 16, 2006, and so his appeal time should have commenced then, rather than November 7. However, Rule 26.2 of the Texas Rules of Appellate Procedure provides that the defendant must file his notice of appeal within 30 days after the sentence is imposed or suspended in open court. The courts have held that this means that the time to file the notice of appeal runs from the date of imposition of the sentence in open court, not the date that the sentence is signed and entered. Rodarte v. State, 860 S.W.2d 108, 109 (Tex.Crim.App. 1993); Reyes v. State, 883 S.W.2d 291, 292 (Tex.App.-El Paso 1994, no pet.). Because Murray filed his notice of appeal more than 30 days after his guilty plea was taken and his sentence was imposed in open court, it was untimely, and so his conviction became final on December 7, 2006, as the Magistrate Judge determined. Hence, the statute of limitations expired prior to the filing of Murray's federal habeas corpus petition, and his objections are without merit.

The Court has conducted a careful de novo review of the pleadings in this cause, including the original petition and memorandum in support, the answer filed by the Respondent, the Petitioner's response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, the state court records, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Lloyd Murray is hereby denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 26th day of January, 2009.**

_____
LEONARD DAVIS
UNITED STATES DISTRICT JUDGE